UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAY,<br><br>  Plaintiff,<br><br>  v.<br><br>BAKERSFIELD PARKS, LP, a California Limited Partnership; HERITAGE FUNDING CORPORATION, a California Corporation; and DOES 1-10,<br><br>  Defendants. | 1:16-cv-01860-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER (DOC. 3) |

Plaintiff Arthur Gray, an individual with significant physical impairments due to a spinal cord injury, presently is a tenant at the Smoke Tree RV Park ("the Park") in Bakersfield, California, owned and operated by Defendants. Doc. 1 at ¶¶ 5-6. In February 2016, he filed a separate action against the prior owners of the Park, *Arthur Gray v. Elliott Family Construction, LLC*, No. 1:16-CV-00156-JLT ("Prior Action"), alleging discrimination based on disability related to the inaccessible condition of the Park, raising claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and related state laws. Doc. 1 at ¶ 11. The Prior Action resulted in a confidential settlement, but final judgment has yet to be entered. *Id*. Plaintiff now alleges that the present owners of the Park, who are the named Defendants in this action, participated in the completion of the settlement process in the Prior Action and were fully aware of its terms. *See id*. at ¶ 13.

According to Plaintiff's Complaint in this action, Defendants (the present owners) filed an unlawful detainer action against Plaintiff in October 2016. *Id*. at ¶ 16. Plaintiff was served with an eviction notice on November 3, 2016, followed by a move out order on December 6, 2016, demanding

that Plaintiff exit the Park by December 13, 2016. *Id*. at ¶¶ 17, 20. On December 7, 2016, Plaintiff requested an additional thirty days to relocate as a reasonable accommodation for his disabilities. *Id*. at ¶ 23. Plaintiff alleges that Defendants initially ignored this request, then appeared to be willing to stipulate to the extension when Plaintiff was admitted to the hospital, but later refused to finalize the requested extension after Plaintiff left the hospital against medical advice in order to attend to his housing situation. *Id.* at ¶¶ 23-33. On December 12, 2016, Plaintiff filed this lawsuit, alleging a claim under the Fair Housing Amendments Act of 1988, 42 US.C. § 3601 *et seq*., based on failure to accommodate Plaintiff's disability, as well as related state law claims. Doc. 1. Plaintiff simultaneously filed a motion for temporary restraining order ("TRO") to "briefly continue his tenancy for not more than thirty (30) days as an accommodation for his disability." Doc. 3 at 1 ("TRO Motion").

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc*., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co*., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

However, the Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The only relief requested in Plaintiff's TRO Motion is an injunction that would enjoin Defendants by "allowing him a brief continuance of his tenancy, not to exceed thirty (30) days." Doc. 3 at 17. Although this does not specifically request an injunction of the state court unlawful detainer action, the requested injunction would operate to do exactly that. *See Henrichs v. Valley View Dev.,* 474 F.3d 609, 616 (9th

Cir. 2007) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 287-88 (1970)) (the Anti-Injunction Act "extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments. An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment."). Numerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a TRO staying unlawful detainer proceedings in state court. *See, e.g.*, *Le v. 1st Nat. Lending Servs.*, No. 13-CV-01344-LHK, 2013 WL 2555556, at *1-3 (N.D. Cal. June 7, 2013); *Farah v. Wells Fargo Home Mortgage*, 13-CV-1127 PSG, 2013 W L 1397405 (N.D. Cal. Apr. 5, 2013); *Michener v. Wells Fargo Home Mortgage*, C 12–2003 PJH, 2012 WL 3027538 (N.D. Cal. July 24, 2012); *Fajardo v. Ross*, 1:12–CV–00217–AWI, 2012 WL 2589244 (E.D. Cal. July 3, 2012); *Carrasco v. HSBC Bank USA, N.A.*, 2012 W L 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); *Scherbenske v. Wachovia Mortgage, FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).

The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (analyzing the three exceptions enumerated in 28 U.S.C. § 2283). These three exceptions are to be construed narrowly. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) ("[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court action to proceed.") (internal quotations omitted).

The first exception applies when equitable relief is expressly authorized by an Act of Congress. 28 U.S.C. § 2283. Some civil rights actions fall within this exception. For example, claims brought pursuant to 42 U.S.C. § 1983 are exempt from the Anti-Injunction Act's prohibitions because "[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, ... to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 243 (1972); *see also Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 468 (9th Cir.

3

1984). However, the first exception comes into play only when a statute "clearly creating a federal right or remedy enforceable in a federal court of equity[ ] could be given its intended scope only by the stay of a state court proceeding." *Mitchum*, 407 U.S. at 239.

Several courts have held that because the Fair Housing Act is expressly enforceable in both state and federal courts, *see* 42 U.S.C. § 3613(a)(1)(A), "no stay of a state action is required to secure its intended scope, and consequently the first exception to the Anti-Injunction Act is inapplicable" to Fair Housing Act claims. *Sierra v. City of N.Y.*, 528 F. Supp. 2d 465, 468 (S.D.N.Y. 2008) (finding the first exception inapplicable where plaintiff bringing Fair Housing Act claim sought injunction against New York state eviction proceedings, noting in related reasoning that Fair Housing Act violations could be raised as affirmative defense in eviction proceedings); *see also Casa Marie, Inc. v. Superior Court of Puerto Rico for the District of Arecibo*, 988 F.2d 252, 261-62 (1st Cir. 1993) (finding in Fair Housing Act case that Anti-Injunction Act barred injunction against Puerto Rican Superior Court judgment ordering closure of elder-care facility); *Bond v. JPMorgan Chase Bank, N.A.*, 526 F. App'x 698, 701-02 (7th Cir. 2013) (indicating in Fair Housing Act case inclination to agree with *Casa Marie* as to applicability of Anti-Injunction Act to a request to enjoin eviction). One California district court faced with a Fair Housing Act claim applied the Anti-Injunction Act to preclude issuance of an injunction against state criminal proceedings, reasoning that *Mitchum*'s holding regarding the inapplicability of the Anti-Injunction Act to § 1983 claims did not extend to the Fair Housing Act. *Broussard v. City of Pasadena*, No. CV 09-7079 AHM FFMX, 2010 WL 135331, at *5 (C.D. Cal. Jan. 11, 2010). Another district court in California applied the Anti-Injunction Act to bar a request for injunctive relief in a case raising the Fair Housing Act, but without attempting to address or distinguish *Mitchum*. *See Hernandez v. Winstar Propoerties, Inc.*, No. 2:16-CV-04697-ODW-KS, 2016 WL 3869830, at *2 (C.D. Cal. July 15, 2016).[1]

---

[1] Several other district courts in California have found the Anti-Injunction Act inapplicable to cases involving Fair Housing

The Court concludes the Anti-Injunction Act bars the requested injunction in this case. The Fair Housing Act can be raised as a defense in a California unlawful detainer action. *See Colony Cove Associates v. Brown*, 220 Cal. App. 3d 195 (1990) (violation of Fair Housing Act defense permitted in unlawful detainer action); *see also Bridgewater v. Hayes Valley Ltd. P'ship*, No. C 09-3551 PJH, 2009 WL 4050894, at *4 (N.D. Cal. Nov. 20, 2009); *Thomas v. Hous. Auth. of The Cty. of Los Angeles*, No. CV 04-6970MMMRCX, 2005 WL 6136432, at *3 (C.D. Cal. June 3, 2005). In light of this, and following the reasoning of the district court in *Sierra*, 528 F. Supp. 2d at 468, it is not at all clear that the Fair Housing Act "could be given its intended scope only by the stay of a state court proceeding." *Mitchum*, 407 U.S. at 239. Accordingly, the first exception does not apply.

Another exception applies when an injunction is "necessary in aid of a court's jurisdiction." 28 U.S.C. § 2283. This "necessary-in-aid-of-jurisdiction" generally applies to "*in rem* proceedings where subsequent state court proceedings might interfere with previously filed federal court jurisdiction over a *res*, in cases of advanced federal in personam litigation, or where a case is removed from state court." *Le*, 2013 WL 2555556 at *2 (citing *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641-42 (1977); *Fajardo*, 2012 WL 2589244, at *3)). This exception does not apply to stay unlawful detainer actions, especially previously filed state court actions. *See, e.g.*, *Michener v. Wells Fargo Home Mortgage*, C 12–2003 PJH, 2012 WL 3027538 *4 (N.D. Cal. July 24, 2012) ("A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court."); *Halajian v. Deutsche Bank Nat. Trust Co.*, No. 1:12-CV-00814-AWI, 2012 WL 1833941, at *2 (E.D. Cal. May 18, 2012) (same); *Scherbenske*, 626 F. Supp. 2d at 1059 (citing *Vendo Co.*, 433 U.S. at 641) (same). This exception is inapplicable here,

---

Act claims, but only because state court proceedings had not yet been initiated. *See Salazar v. Li*, No. CV16-3741-CAS(AJWX), 2016 WL 4055046, at *1 (C.D. Cal. June 8, 2016); *Johnson v. Macy*, No. CV 15-7165 FMO (ASX), 2015 WL 9692930, at *5 (C.D. Cal. Oct. 23, 2015); *Na"im v. Sophie's Arms Fine Residences, LLC*, No. 3:13-CV-02515-JAH, 2013 WL 8609251, at *1 (S.D. Cal. Nov. 18, 2013).

where Plaintiff seeks to enjoin a previously filed state court unlawful detainer action.

A final exception is recognized "to protect or effectuate the court's judgment." 28 U.S.C. § 2283. Plaintiff argues that Defendants' pursuit of the unlawful detainer and move out order is in conflict with the settlement agreement in the Prior Action. However, judgment has yet to be entered in that action. A Notice of Settlement was filed December 5, 2016, followed by the entry of an Order requiring the filing of dismissal documents on or before February 3, 2017. It is unclear how, if at all, this Court's action in the present case could "protect or effectuate the court's judgment" in the Prior Action, given that no judgment has been entered.

Accordingly, the Court finds that the Anti-Injunction Act bars Plaintiff's requested relief. As a result, Plaintiff's TRO Motion is DENIED.

IT IS SO ORDERED.

Dated:   **December 13, 2016**              /s/ Lawrence J. O'Neill
                                                                UNITED STATES CHIEF DISTRICT JUDGE